**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHRISTOPHER C. CURTIS, individually and as Personal Representative of the Estate of Charles C. Curtis,<br><br>Plaintiff - Appellant,<br><br>v.<br><br>ABB INCORPORATED, individually and as successor in interest to ITE Imperial Co., FKA ITE Circuit Breaker Company,<br><br>Defendant - Appellee. | No. 13-56976<br><br>D.C. No. 2:12-cv-02014-PA-FMO<br><br>MEMORANDUM<sup>*</sup> |
| CHRISTOPHER C. CURTIS, individually and as Personal Representative of the Estate of Charles C. Curtis,<br><br>Plaintiff - Appellant,<br><br>v.<br><br>EATON CORPORATION, as successor in interest to Cutler Hammer,<br><br>Defendant - Appellee. | No. 13-56977<br><br>D.C. No. 2:12-cv-02014-PA-FMO |

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

| | |
|---|---|
| CHRISTOPHER C. CURTIS, individually and as Personal Representative of the Estate of Charles C. Curtis,<br><br>        Plaintiff - Appellant,<br><br>v.<br><br>SCHNEIDER ELECTRIC USA, INC., FKA Square D. Company,<br><br>        Defendant - Appellee. | No. 13-56978<br><br>D.C. No. 2:12-cv-02014-PA-FMO |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Argued and Submitted October 20, 2015
Pasadena, California

Before: PREGERSON and CALLAHAN, Circuit Judges and BASTIAN,[**] District Judge.

Plaintiff-Appellant Christopher Curtis ("Plaintiff"), individually and as personal representative of the estate of decedent Charles C. Curtis ("Curtis"), appeals from the district court's grant of summary judgment in favor of the Defendant-Appellees ABB, Inc., Eaton Corporation, and Schneider Electric USA,

---

[**] The Honorable Stanley Allen Bastian, District Judge for the U.S. District Court for the Eastern District of Washington, sitting by designation.

Inc. ("Defendants"). A district court's decision to grant summary judgment is reviewed de novo. *Szajer v. City of L.A.*, 632 F.3d 607, 610 (9th Cir. 2011). We have jurisdiction under 28 U.S.C. § 1291. We vacate the district court's summary judgment and remand.

1.     In order to prevail in products liability cases, a plaintiff must establish, at minimum, (1) the plaintiff was exposed to the defendant's product, and (2) the product was a substantial factor in causing the injury suffered. *Lindstrom v. A-C Product Liability Trust*, 424 F.3d 488, 492 (6th Cir. 2005); *Rutherford v. Owens-Illinois, Inc.*, 941 P.2d 1203, 1219–20, 1223 (Cal. 1997).

2.     The district court erred in granting summary judgment to the extent that it found Plaintiff failed to raise a triable issue of fact that Curtis was exposed to asbestos released from Defendants' products. Prior to his death, Curtis testified in his deposition that he could visually identify the Defendants' products, and the asbestos in their electrical components by their color and swirl designs. Curtis testified that he would inhale asbestos released from Defendants' electrical components when he repaired and sanded them. He further testified that he repaired Defendants' products over the years "many, many times," "too many to count."

3

The district court also erred in finding that Curtis "clarified" that the work he performed was confined to cleaning and sanding the metal portions of Defendants' electrical components which did not contain asbestos. Although Curtis gave arguably inconsistent deposition testimony on this point, such testimony is not conclusive against him at summary judgment. *See Emeldi v. Univ. of Oregon*, 698 F.3d 715, 730, n.9 (9th Cir. 2012). Rather, any discrepancies should be resolved in favor of the nonmoving party at summary judgment, and raise issues of credibility for a factfinder to resolve. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). *Emeldi*'s holding is even more persuasive in the circumstances here as the deponent, Curtis, is now deceased; a factfinder will need to scrutinize his word choices in his preserved deposition testimony even more carefully than where the deponent is available for trial.[1]

The district court further erred by not considering Curtis's testimony that he inhaled dust after cleaning destroyed electrical parts that were encased in asbestos-containing material. Thus, viewing the facts in the light most favorable to Plaintiff, we hold that the district court erred in granting summary judgment on the ground

---

[1] In his opening and reply briefs, Plaintiff argued that the district court erred by not considering the deposition testimony of Danny Mangum. At oral argument, however, Plaintiff argued that reversal of summary judgment was appropriate without considering Mr. Mangum's testimony. Because we agree, we do not consider Mr. Mangum's testimony in our decision.

that Plaintiff failed to raise a triable issue of fact that Curtis was exposed to asbestos released from Defendants' products.

3.     Because the district court erred in finding that Plaintiff failed to raise a triable issue of asbestos exposure from Defendants' products, it also erred to the extent it relied on this finding to conclude that asbestos exposure from Defendants' products was not a substantial factor in causing Curtis's mesothelioma. However, it is not clear from the record whether the district court decided causation in Defendants' favor on a ground other than product identification, such as insufficient medical evidence linking Curtis's exposure to asbestos to his mesothelioma. Therefore, we remand this action to the district court for further proceedings. We express no opinion on whether Defendants may move for summary judgment on other grounds of insufficient causation besides product identification.

**VACATED AND REMANDED.**

Costs are awarded to Plaintiff-Appellant.